Filed 1/9/24  P. v. Alvarez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062085 |
| v. | (Super. Ct. No. 12NF1512) |
| JOEL ALVAREZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

Following a recommendation from the Department of Corrections and Rehabilitation, the trial court recalled appellant's sentence and resentenced him. Although appellant's new prison term is five years less than his original sentence, he contends the court erred by not reducing his sentence another fifteen years. We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with committing carjacking and second degree robbery on separate occasions in 2012. (Pen. Code, §§ 215, subd. (a), 211, 212.5, subd. (c).)[1] It was also alleged he committed those crimes for the benefit of a criminal street gang and had served two prior prison terms. (§§ 186.22, subd. (b), 667.5, subd. (b).) In addition, appellant was accused of having previously suffered six strike convictions and four serious felony convictions. (§§ 667, subds. (a)(1), (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A).)

After appellant pleaded not guilty, the prosecutor agreed to dismiss one of his prior strike convictions. However, because he was still facing an indeterminate prison term of 70 years to life, appellant asked the trial court for further leniency. Over the prosecutor's objection, the court agreed to dismiss four of appellant's remaining strike convictions and sentence him as a second strike offender to 30 years in prison. That term consisted of 10 years for the robbery, plus 5 years for each of the 4 prior serious felony convictions. The court also agreed to run appellant's 22-year sentence in a separate drug case concurrently with the 30-year term. In exchange, appellant, then age 33, pleaded guilty to the charges and admitted all of the remaining enhancement allegations.

Five years later, in 2022, the Secretary of the Department of Corrections and Rehabilitation (Secretary) sent a letter to the sentencing judge. The purpose of the letter was to provide the judge with authority to resentence appellant pursuant to section

---

[1] All further statutory references are to the Penal Code.

2

1170.03, based on a recent change in the law that granted judges the discretion to dismiss prior serious felony convictions in the interest of justice. (§§ 667, 1385.) However, the Secretary did not recommend any particular sentence for appellant. Rather, she simply recommended that his "sentence be recalled and that he be resentenced in accordance with" section 1170.03.[2]

The Secretary's letter was accompanied by a cumulative case summary and an evaluation report that reflected appellant's criminal history and adjustment in custody. According to the report, appellant has a long criminal record dating back to his teens, and many of his crimes were gang related. He has also performed poorly on probation and sustained three rule violations in prison. However, during this incarceration, he has renounced his gang affiliation, completed several self-help and college classes, and is training to become an auto body mechanic.

At the hearing on the matter, the prosecution urged the court to leave appellant's sentence intact. But defense counsel wanted the court to recall appellant's sentence and resentence him to a 10-year term by dismissing all 4 of his prior serious felony convictions. In support of this request, defense counsel submitted a packet of materials containing appellant's self-help certificates and various commendations he has received from his instructors in prison.

The trial judge acknowledged appellant appeared to be doing well on his prison programs. However, the judge also noted that he had previously exercised a "truckload" of discretion in appellant's favor at the original sentencing hearing. By dismissing 4 of his prior strike convictions, the judge had turned his "quasi-death sentence with a 70-to-life exposure" into a determinate term of 30 years, even though appellant had a "lousy" criminal record "involving many instances of violence." So, instead of granting appellant's request for a 20-year sentence reduction, the trial court

---

[2] Effective June 30, 2022, section 1170.03 was renumbered without substantive change as section 1172.1. (Stats. 2022, ch. 58, § 9.) We will refer to the latter section henceforth.

3

recalled his sentence and struck just one of his prior serious felony convictions, resulting in a new sentence of 25 years in prison. The court simply did not believe it would further the interests of justice to reduce appellant's sentence any more than that.

DISCUSSION

Appellant argues "the trial court erred in not following the [Secretary's] recommendation to strike [all] four [of his] five year priors." The argument is based on the assumption that the Secretary actually made any such recommendation. But, as we pointed out above, the Secretary merely recommended recall and resentencing; she did not recommend any particular sentence for appellant, let alone the 20-year reduction he is seeking.

Appellant also contends the trial court's sentencing decision runs afoul of the presumption set forth in section 1172.1, subdivision (b). Under that provision, upon recommendation from the Secretary, the trial court must recall the defendant's sentence and resentence him unless he poses an unreasonable risk of danger to public safety. (§ 1172.1, subd. (b)(2).) However, as explained in *People v. Braggs* (2022) 85 Cal.App.5th 809 (*Braggs*), nothing in section 1172.1 provides for a presumption in favor of any particular sentence. (*Id*. at p. 819.) Instead, the statute simply creates "a presumption regarding recalling and resentencing[.]" (*Ibid*.) Since the trial court actually recalled appellant's sentence and resentenced him, appellant was "not prejudiced by any purported failure of the court to apply the presumption or the purported lack of evidence to support a finding to overcoming the presumption." (*Ibid*.)

Appellant contends *Braggs* was wrongly decided, but its analysis of the legislative record shows the presumption in section 1172.1 was only intended to apply to the initial recall determination, not the ultimate sentence imposed on the defendant after resentencing. (*Braggs, supra*, 85 Cal.App.5th at pp. 819-820.) Rather than addressing that aspect of the record, appellant points out that section 1172.1 was opposed by the California District Attorneys Association (Association) based on its understanding the

4

statute would require courts to follow a particular sentencing recommendation unless there was compelling proof of the defendant's dangerousness. (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1540 (2021-2022 Reg. Sess.), as amended Apr. 22, 2021, p. 7.) However, the Association's understanding of section 1172.1 is not indicative of the legislative intent behind the statute. (See *American Financial Services Assn. v. City of Oakland* (2005) 34 Cal.4th 1239, 1264 ["restatement of an argument made by certain industry groups does not purport to reflect debate within the Legislature"].) Moreover, section 1172.1 does not actually contain any language to support the Association's understanding of the statute. Because the Association's fears about section 1172.1 were not realized in the final version of the statute, they are not germane to our analysis.

Appellant also points out the Secretary's recommendations are based on a careful analysis of the defendant's case history. He argues it only makes sense to defer to those recommendations, given the time, thought and effort that goes into them. When it comes to the initial decision about whether to recall the defendant's sentence and resentence him, we agree the Secretary's recommendations carry significant weight. After all, the Secretary is well-positioned to offer insight regarding the defendant's prison record and reformation efforts, which is why section 1172.1 creates a presumption in favor of recall and resentencing when the Secretary so recommends.

But in the final analysis, it is up to the trial court to decide which particular sentence is fitting for a particular defendant. This is so because "[t]he imposition of sentence within the legislatively prescribed limits is exclusively a judicial function." (*In re Lewallen* (1979) 23 Cal.3d 274, 281.) Appellant's interpretation of section 1172.1 would upend this time honored principle. Therefore, we reject his claim the statute creates a presumption in favor of any particular sentence. Rather, upon recall and resentencing, trial judges are free to formulate the defendant's sentence in compliance with the standard sentencing rules.

In this case, we find no abuse or misunderstanding of those rules. To the contrary, we readily agree with the trial judge's decision that, in light of appellant's extensive criminal history, and the significant leniency he was afforded at his initial sentencing hearing, the interests of justice do not warrant a further reduction in his sentence. Thus, there is no reason to disturb the judge's ruling.

DISPOSITION

The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.


6